**In the Matter of E.J. MANAGEMENT CORP., Debtor.**

**Bankruptcy No. 85–2798.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 14, 1987.

cal conduct. The Court makes no findings on these allegations.

Bernard J. Morse, Tampa, Fla., for debtor.

Domenic Massari, Tampa, Fla., for James L. Blackwell and Federal Deposit Ins. Corp.

## ORDER ON MOTION FOR SURCHARGE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS Chapter 11 case, and the matter under consideration is a Motion for Surcharge filed by E.J. Management Corporation (Debtor), the Debtor involved in this reorganization case. James L. Blackwell filed a "Notice of Adoption and Motion for Surcharge" concurring with the request set forth in the motion filed by the Debtor.

The surcharge sought by the Debtor is in the amount of $50,000.00 to be paid to James L. Blackwell, the other an unspecified amount to be paid to Ronald P. Teevan, special counsel employed by the Debtor. The surcharge sought to be imposed on the proceeds of the sale of certain properties of the Debtor is pursuant to § 506(c) of the Bankruptcy Code, which provides that reasonable and necessary costs and expenses of preserving or disposing of such property to the extent of any benefit conferred by the services to the holder of a claim may be proper.

The record reveals that on June 20, 1986, this Court entered an order authorizing the Debtor to employ and pay a commission to Mr. Blackwell provided that he procures a contract for sale of four motel facilities owned by the Debtor and provided the contract or contracts, in fact, actually proceed to closing. On February 17, 1987, this Court after an extensive rehearing entered an order and ruled that Mr. Blackwell is entitled to be compensated for his services pursuant to § 327 of the Bankruptcy Code as a person properly authorized to be retained as a professional by the Debtor but rejected the contention of Mr. Blackwell that he is entitled to the commission he sought pursuant to his contract of employment with the Debtor. After the evidentiary hearing this Court concluded that Mr. Blackwell did, in fact, undertake the task of marketing the property and negotiated a contract with the ultimate purchaser, albeit on different terms. This contract was presented to the Debtor and was rejected. It further appears to the Court that while Mr. Blackwell thereafter abandoned his efforts to seek additional contracts at the direction of the Debtor, the ultimate purchaser of the subject property was, in fact, the very person with whom Mr. Blackwell negotiated the initial contract which was originally rejected. Based on these, this Court concluded that Mr. Blackwell was not entitled to any commission fixed by the original agreement, he is entitled to a reasonable compensation for his services in the amount of $50,000.00 to be charged as a first priority pursuant to § 503 of the Bankruptcy Code as a cost of administration.

The record further reveals that Mr. Teevan was also authorized to represent the Debtor in conjunction with the closing of the sale of properties involved which were four operating motel facilities. Mr. Teevan's application fails to contain any specifics and fails to describe with the required

specificity the time spent on the services performed and the description of the particular services for which he seeks the compensation.

■ The Motion to Surcharge is opposed by the F.D.I.C. It is the contention of the F.D.I.C. that inasmuch as it did not receive a full satisfaction of its secured claim and because Mr. Blackwell was not, in fact, the person who ultimately concluded the sale of the properties, it would be unfair and unjust to surcharge the proceeds of the sale with his fee, which according to the F.D.I.C. should be paid by the Debtor as a general cost of administration of the estate.

Considering the respective contentions of the parties, this Court is satisfied that while it is true that Mr. Blackwell did not ultimately conclude the transaction and did not participate in the closing, he did perform services which benefited F.D.I.C. by first preserving the going concern value of the subject properties and more importantly, by his efforts which ultimately brought back the initial purchaser, Mr. Patell, the very person with whom Mr. Blackwell negotiated the first contract, although on terms different than the ultimate contract actually closed.

Be that as it may, it is clear that had the F.D.I.C. prevailed on its Motion to Lift the Automatic Stay and was permitted to complete a foreclosure action, the F.D.I.C. certainly would have had to incur legal expenses in connection with the foreclosure and additional costs with the ultimate sale and disposition of its collateral. This is so because after having acquired the properties at foreclosure sale, the F.D.I.C. would have been required to market the properties and most likely engage the services of a realtor to whom it would have been required to pay a real estate commission, a commission certainly higher than the allowance granted by this Court to Mr. Blackwell.

In this connection it should also be noted that while it is true that the F.D.I.C. filed an early Motion to Lift the Automatic Stay, it did not vigorously pursue the matter. On the contrary, it was opposing the early

contracts on the basis that they did not produce sufficient monies to satisfy the F.D.I.C. claim in full and urged the Debtor to continue its efforts to sell the properties. It ill behooves the F.D.I.C. at this time to resist a surcharge of the fee allowed to Mr. Blackwell. For this additional reason this Court is satisfied it is appropriate to surcharge the proceeds of the sale with the fee previously allowed to Mr. Blackwell by this Court. However, this alone would not by itself warrant a surcharge even though his services did benefit the F.D.I.C.

■ This leaves for consideration the question of whether or not the attorney fees allowed to special counsel shall be paid by the Debtor or would also be proper to be surcharged against the proceeds of the sale. Special counsel was properly authorized to be employed to handle the closing transaction. In fact, he did conduct the closing transaction and rendered legal services in connection with the closing and, most importantly, did confer benefit on the F.D.I.C. because the F.D.I.C., in fact, saved the legal expenses it would have had to incur.

For this reason this Court is satisfied the surcharge would be proper and justified, but in light of the fact that the application submitted by special counsel lacks all the specific details which are absolutely necessary for an allowance, ruling shall be deferred pending a submission of the properly documented fee application within 15 days from the date of entry of this Order.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Surcharge the proceeds of the sale filed by the Debtor and joined in by Mr. Blackwell be, and the same is hereby, granted, and the funds currently withheld at the closing from the proceeds of the sale shall be paid over to Mr. Blackwell as full compensation for his services. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Surcharge the attorney fees of special counsel be, and the same is hereby, granted, provided, however, that special counsel shall submit a

detailed fee application with proper schedules not later than 15 days from the date of entry of this order and shall serve a copy of the same on the F.D.I.C., who shall have thereafter 10 days to interpose a written objection to the amount sought; and if an objection is filed, the matter shall be set down for hearing with notice to all parties of interest.